DAVIS, Circuit Judge,
concurring in part and concurring in the judgment:
I concur in part and concur in the judgment, but I write separately to make two observations.
*264 First, I am unable to join in Part III.A of the majority opinion affirming the district court’s denial of the Glissons’ motion to suppress under Franks v. Delaware, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). Instead, I conclude that the longstanding automobile exception to the Fourth Amendment warrant requirement plainly applies to the circumstances presented in this case and obviates any necessity to examine the propriety of the district court’s treatment of the Franks issue. While the government does not rely on the automobile exception on appeal, the government asserted the exception in opposition to the Glissons’ motion to suppress below and we may affirm on any ground supported by the record. See Allen v. Lee, 366 F.3d 319, 343 (4th Cir.2004).
Under the automobile exception to the Fourth Amendment warrant requirement, law enforcement officers may search a vehicle if it is “ ‘readily mobile’ ” and “ ‘probable cause exists to believe it contains contraband,’ ” United States v. Kelly, 592 F.3d 586, 589 (4th Cir.) (quoting Pennsylvania v. Labron, 518 U.S. 938, 940, 116 S.Ct. 2485, 135 L.Ed.2d 1031 (1996)), cert. denied, — U.S. -, 130 S.Ct. 3374, 176 L.Ed.2d 1260 (2010), or even mere evidence, Arizona v. Gant, 556 U.S. 332, 346-48, 129 S.Ct. 1710, 1721, 173 L.Ed.2d 485 (2009) (“If there is probable cause to believe a vehicle contains evidence of criminal activity, United States v. Ross, 456 U.S. 798, 820-821, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982), authorizes a search of any area of the vehicle in which the evidence might be found.”). The scope of the search “is as broad as a magistrate could authorize.” Kelly, 592 F.3d at 589. Therefore, “once police have probable cause, they may search ‘every part of the vehicle and its contents that may conceal the object of the search.’ ” Id. at 590 (quoting Ross, 456 U.S. at 825, 102 S.Ct. 2157).
Here, the truck was readily mobile * and the officers had probable cause to believe it contained evidence of one or more criminal offenses. Specifically, the officers learned that (1) the Glissons had been riding in the truck when Derrick suffered a gunshot wound and (2) they had arrived at the hospital in the truck. The officers observed three shell casings on the ground next to the vehicle, as well as a shell casing in the bed of the vehicle and blood on the interior floorboard. Indisputably, therefore, the record here shows that probable cause existed to believe that evidence of criminal offenses arising from a felonious shooting, e.g., live and/or spent ammunition, bullet fragments, shell casings, myriad microscopic evidence, evidence of ownership and/or use of the vehicle itself, among other potential evidence, would be discovered in the vehicle.
To be sure, officers are certainly to be applauded whenever they seek a warrant in lieu of undertaking a warrantless search. United States v. Srivastava, 540 F.3d 277, 288 (4th Cir.2008) (“Our Court-as well as the Supreme Court and other judicial bodies-has consistently encouraged the authorities to act prudently in the Fourth Amendment context, and, when the circumstances permit, to seek and secure the authorization of a judicial officer-in the form of a warrant-before conducting a *265 search or seizure.”), cert. denied, — U.S. -, 129 S.Ct. 2826, 174 L.Ed.2d 552 (2009). Nonetheless, their decision here, grounded in commendable caution, to seek a warrant does not mean, as a matter of settled law, they actually needed one to search the vehicle under the circumstances confronting them in this case.
Second, our remand of the indictment count charging a violation of 18 U.S.C. § 922(g)(9) in Part III.C may seem puzzling in some sense in light of United States v. Staten, 666 F.3d 154 (4th Cir.2011), but given the disposition of this appeal, it would seem likely that the government will move successfully to dismiss that charge altogether upon remand.

 There was testimony that one of the officers parked his car near or behind the truck, which the Glissons contend "prevent[ed] access or movement of [the truck],” Appellant’s Br. 7, but this does not undermine application of the automobile exception. See Kelly, 592 F.3d at 590-91 (rejecting defendant’s argument that the automobile exception does not apply "because the police exercised control over the vehicle and had therefore eliminated any potential exigencies” as there was "little risk that [the car] would be driven away” because "[the car] was operational and therefore readily mobile”).